# Exhibit
# 3

*The Law Office of*

# DAVID C. DEAL

*Criminal Defense, Civil Litigation, and Copyright*

| P.O. Box No. 1042 | TELEPHONE 434-233-2727 | DAVIDDEAL.com |
|---|---|---|
| CROZET, VIRGINIA 22932 | FAX 888-965-8083 | DAVID@DAVIDDEAL.com |

June 23, 2016

**VIA Priority Mail and Email**

The Dojo
Attn: Randall Brown
2600 Canton Court, Suite G
Fort Collins, CO 80525
thedojostaff@thedojofc.com

**Re: Infringement of Photographic Copyright by The Dojo**

Dear Mr. Brown:

My firm represents Harold Davis, a professional photographer whose original copyrighted work has been infringed by The Dojo. I have attached a number of documents that offer evidence of such infringement: Exhibit A is a copy of Mr. Davis's copyrighted photograph, "Misty Mountains." Exhibit B is a copy of The Dojo's public website featuring the photographs. As evidenced by the exhibits, The Dojo's use of "Misty Mountains" clearly infringes our client's registered copyright.

Our client has a number of options, including the right to file suit against The Dojo for copyright infringement. Exhibit C is a copy of 17 U.S.C. §§504-5, which outline the damages for which an infringer is liable, including up to $150,000.00 in statutory damages (for willful infringement) or $30,000.00 (for non-willful infringement). An infringer is also liable for the costs of the suit itself, including attorney's fees, when the infringement concerns a registered work. Please keep in mind that damages for copyright infringement are designed to recover the economic loss of the misuse, as well as to prevent and deter infringement. I encourage you to share this letter with your legal counsel, who can confirm the details of the applicable federal law outlined above.

In straightforward copyright cases such as this, it is often advantageous for parties to settle without filing suit. This is especially true given the extremely high cost of litigating intellectual property cases. While my firm has experience litigating copyright infringement cases, we have found that both parties are often best served by negotiating a resolution. Accordingly, our client has authorized my firm to resolve this matter on the following conditions:

1. The Dojo remove the infringing work and any infringing derivatives thereof from the organization's website, and anywhere else the image has been used.

2. The Dojo agree not to infringe any of Mr. Davis's work in the future, and

3. The Dojo tender $2,500.00 to the Law Office of David C. Deal's client trust account to compensate Mr. Davis for the infringement. My firm's trust account information is: The Law Office of David C. Deal, P.L.C., Virginia National Bank, account number 1020939924, wire transfer routing number 051408868.

This offer and the directness in which it is presented is designed to minimize the organization's ultimate exposure in this matter. Moreover, because The Dojo is a national organization, requiring the use of photographs in print and digital media, the issue of copyright infringement will likely serve the long term interests of the organization.

The longer this matter continues, the more costly it will become to resolve without litigation. This is especially true if The Dojo attempts to avoid the responsibility of infringement and engages aggressive counsel. I assure you that such an approach will be met with substantive evidence and counsel, resulting in a higher cost to The Dojo. We welcome the opportunity to jointly draft an agreement with your attorneys that reflects a sound resolution to this matter.

Please carefully consider this letter and the associated exhibits. If we do not receive a response from you or a representative from The Dojo by July 23, 2016, we will take further steps to resolve this matter.

Sincerely,

David C. Deal



**Harold Davis**

Misty Mountains

© Harold Davis

Follow

762 views    1 fave    0 comments

Taken on November 15, 2013

All rights reserved

thedojofc.squarespace.com



HOME    THE DOJO    **ABOUT**    NEWS    EVENTS    PHOTO GALLERY    GET IN TOUCH



## About

### CLASS DESCRIPTIONS

SCHEDULE & LOCATION

OWNERS

BLACK BELTS

TESTIMONIALS

SARASYA TONE FITNESS

LAST BUT NOT LEAST

## KIDS CLASS:

One of the best programs you will find in Northern Colorado. The children's program at The Dojo focuses on self-confidence, co-ordination, balance, self-defense, focus, and improved self-esteem.

## C.O.B.R.A:

The best in self defense training. The Dojo is the only martial arts school in Colorado that offers C.O.B.R.A. Self Defense training. Visit  http://cobrafortcollins.com for more information.

## SARASYA TONE FITNESS & VANA FLOW YOGA COMBINATION:

Sarasya Tone Fitness and Vana Flow Yoga are a perfect pairing to help create a healthier, leaner, and more balanced you. Sarasya Tone Fitness blends movements used by warriors to develop the strength for battle in a fun and upbeat way, increasing stamina, speed, and

🔒 thedojofc.squarespace.com



HOME     **THE DOJO**     ABOUT     NEWS     EVENTS     PHOTO GALLERY     GET IN TOUCH



# THE DOJO - UNIVERSITAS MILITARIS ARTES



Welcome to The University of Martial Arts at The Dojo. Our program draws its format from traditional western higher education institutions, with training structured as a curriculum based course of study that builds students' martial arts ability from the ground up.

Each of the three core curriculum programs weave into one another, creating a strong foundation of knowledge and physical ability. These three programs are Fusion Martial Arts, Fusion Fitness, and Fusion Yoga.

At The Dojo martial arts blend with fitness, functionality, and yoga - creating a place to embark on your journey into holistic

**§ 504. Remedies for infringement: Damages and profits**

(a) In General. — Except as otherwise provided by this title, an infringer of copyright is liable for either —

(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

(2) statutory damages, as provided by subsection (c).

(b) Actual Damages and Profits. — The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

(c) Statutory Damages. —

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. The court shall remit statutory damages in any case where an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was: (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in section 118(f)) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

(3)(A) In a case of infringement, it shall be a rebuttable presumption that the infringement was committed willfully for purposes of determining relief if the violator, or a person acting in concert with the violator, knowingly provided or knowingly caused to be provided materially false contact information to a domain name registrar, domain name registry, or other domain name registration authority in registering, maintaining, or renewing a domain name used in connection with the infringement.

(B) Nothing in this paragraph limits what may be considered willful infringement under this subsection.

(C) For purposes of this paragraph, the term "domain name" has the meaning given that term in section 45 of the Act entitled "An Act to provide for the registration and protection of trademarks used in commerce, to carry out the provisions of certain international conventions, and for other purposes" approved July 5, 1946 (commonly referred to as the "Trademark Act of 1946"; 15 U.S.C. 1127).

(d) Additional Damages in Certain Cases. — In any case in which the court finds that a defendant proprietor of an establishment who claims as a defense that its activities were exempt under section 110(5) did not have reasonable grounds to believe that its use of a copyrighted work was exempt under such section, the plaintiff shall be entitled to, in addition to any award of damages under this section, an additional award of two times the amount of the license fee that the proprietor of the establishment concerned should have paid the plaintiff for such use during the preceding period of up to 3 years.

**§ 505. Remedies for infringement: Costs and attorney's fees**

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.