IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-685-NYW

Harold Davis,

    Plaintiff/Judgment Creditor,

v.

The Dojo, LLC,

    Defendant/Judgment Debtor.

And

Capital One N.A,

    Garnishee.

---

**PLAINTIFF'S MOTION TO COMPEL JUDGMENT DEBTOR SILAS BEANER TO RESPOND TO DISCOVERY REQUESTS**

---

Plaintiff/Judgment Creditor Harold Davis ("Plaintiff") files this motion to compel Garnishee/Judgment Debtor Silas Beaner ("Mr. Beaner") to respond to the discovery requests served on him on July 8, 2024 merely requesting: (i) Identification information (address and name) of all current employers and Mr. Beaner's position and monthly salary; and (ii) All bank accounts used by Beaner since Jan. 2024. Mr. Beaner did not file any objections in response to the discovery requests. He repeatedly promised to respond yet on Aug. 27, 2024 he shifted course and refused to respond to discovery. Mr. Beaner's latest actions are just one among many broken promises he has made in the past few years to Plaintiff's counsel including sending Plaintiff's counsels checks that

20-022D

bounced. Plaintiff has no choice but to seek this Court's intervention to compel Mr. Beaner to comply with valid post-judgment discovery since he refuses to comply with the payment plan he negotiated that is reflected in the stipulated judgement endorsed by this Court's Clerk. *See* Doc. #38, p.2.

Plaintiff's counsel certifies that he has meaningfully attempted to confer with Mr. Beaner per D.C.COLO.LCivR 7.1(a) and Fed. R. Civ. P. 37(a)(1). On Aug. 15, 2024, Plaintiff's counsel notified Mr. Beaner that his deadline to respond to the discovery had expired and requested to know when he would respond. Mr. Beaner replied that he was away on vacation and driving, but that if Plaintiff gave him another 48 hours he would respond immediately. Nearly two weeks later, Mr. Beaner replied to the effect that he would not be providing any documents because he believed Plaintiff's counsel has all the information he needs despite Mr. Beaner sending absolutely nothing. *See* Aff. of Counsel, ¶¶11-16.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### I.   FACTUAL BACKGROUND

Plaintiff is the registered owner of the copyright (VA2010613) for the photograph titled Misty Mountains ("Work"). *See* Complaint [Doc. #1] at ¶10. Defendant The Dojo, LLC ("Dojo") copied and distributed Plaintiff's copyrighted Work without authorization on two websites in connection with Dojo's business for purposes of advertising. *Id* at ¶¶17-20. The Court entered Default judgment on June 15, 2018 ordering Dojo to pay actual damages of $36,000 and costs of $620, with a post-judgment interest rate of 2.31% applicable to the damages award. *See* Default Judgment [Doc. #27].

In July of 2022, Plaintiff's counsel served post-judgment discovery on Mr. Beaner (in his capacity as manager of Dojo). *See* Aff. of Counsel, ¶2.

On July 21, 2022, Mr. Beaner, the manager of Dojo, entered into a settlement agreement with Plaintiff on behalf of Dojo and himself wherein *inter alia* he agreed to make 39 monthly payments to pay off the amount of $40,070.90 ("Settlement I"). *See id.*, ¶3.

In late 2022 to early 2023, Mr. Beaner's checks began bouncing. *See id.*, ¶5. Mr. Beaner repeatedly promised to makeup missed payments but eventually stopped making payments at all as agreed in Settlement I. *See* Aff. of Counsel, ¶6. Accordingly, Plaintiff applied for a Writ of Garnishment against Mr. Beaner which was issued by the Court on Dec. 12, 2023. *See* Doc. #30. The Parties entered into a second settlement agreement to resolve the Writ of Garnishment ("Settlement II"). *See* Aff. of Counsel, ¶7. The stipulated judgment [Doc. #32] on the Writ submitted by the Parties to the Court on Dec. 14, 2023 in which Mr. Beaner admitted that he possesses personal property and funds of Dojo reflects Settlement II. *See id.* The stipulated judgment was entered by the Clerk on Dec. 19, 2023. *See* Doc. #34. Accordingly, Mr. Beaner is also a Judgment Debtor.

Despite the stipulated judgment ordering Mr. Beaner to make monthly payments of $1000 from Jan. 12, 2024, Mr. Beaner only made the first payment. *See* Aff. of Counsel, ¶8. After repeated promises by Mr. Beaner to makeup missed payments were broken, Plaintiff begun post-judgment discovery again by serving discovery on Mr. Beaner (as a party opponent) on July 8, 2024 and third-party Capital One (the Bank used by Mr. Beaner). *See* Aff. of Counsel, ¶¶8-10.

3

25-002

## II.     LEGAL STANDARD

Fed. R. Civ. P. 69(a)(2) provides that a Judgment Creditor "…may obtain discovery from any person…as provided in these rules or by the procedure of the state where the court is located."

Fed. R. Civ. P. 26(b)(1) provides that discovery may be taken regarding *inter alia* any nonprivileged matter that is relevant and proportional to the needs of the case.

Fed. R. Civ. P. 34(c) states "As provided in Rule 45, a nonparty may be compelled to produce documents…"

Fed. R. Civ. P. 45(a)(1)(D) provides for subpoenas to produce documents.

Colo. R. Civ. P. 69(h) provides for subpoenas of witnesses in accordance with Colo. R. Civ. P. 45.

Colo. R. Civ. P. 45(a)(1)(A)(III) also provides for subpoenas to produce documents.

## III.    ARGUMENT

The discovery Plaintiff seeks from Mr. Beaner is valid post-judgment discovery that satisfies the relevance and proportionality test of Fed. R. Civ. P. 26(b)(1).  Mr. Beaner is a judgment debtor and party opponent due to the stipulated judgment [Doc. #34] on the writ of garnishment.  Accordingly, Plaintiff can serve Mr. Beaner with document requests and interrogatories in his personal capacity pursuant to Fed. R. Civ. P. 33 and 34. Documents produced by third-party Capital One show that Defendant has a regular source of income. *See* Aff. of Counsel, 9¶. Therefore, Plaintiff served discovery on Defendant pertaining to his employer.  With this information, Plaintiff can seek a continuing writ of garnishment on Mr. Beaner's employer to enforce the money judgment.

4

25-002

Assuming *arguendo* that Mr. Beaner is not a party opponent despite the judgment against him, the discovery Plaintiff seeks from him is alternatively valid under Fed. R. Civ. P. 45(a)(1)(D) or Colo. R. Civ. P. 45(a)(1)(A)(III).

Mr. Beaner failed to file any timely objections to the discovery within the deadlines provided by Fed. R. Civ. P. 33, 34 or Rule 45(d)(2)(B).  *See* Aff. of Counsel at ¶¶15-16. Accordingly, Mr. Beaner has waived any opportunity to make objections.  Nonetheless, the information Plaintiff requests is highly specific, not privileged and narrowly tailored to the needs of the case.

Accordingly, Plaintiff prays that this Court grant its motion to compel Mr. Beaner to fully respond to the discovery request without objections within 3 business days so that Plaintiff can apply for a continuing writ on Mr. Beaner's employer to enforce the money judgment.  Plaintiff further prays that the Court grant Plaintiff attorney fees, costs and expenses against Mr. Beaner in connection with this motion.

DATED: Kailua-Kona, Hawaii, Aug. 27, 2024.

<u>/s/ Kerry S. Culpepper</u>
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:    (202) 204-5181
E-Mail:        kculpepper@culpepperip.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on <u>Aug. 27, 2024</u> and by the methods of service noted below, a true and correct copy of the foregoing was served via E-MAIL (per agreement) and first class mail to the following at their last known address:

Defendant THE DOJO, LLC.
Registered Agent Silas Beaner
Silas Beaner <silasbeaner@gmail.com>
Garnishee Silas Beaner
Silas Beaner <silasbeaner@gmail.com>

THE DOJO, LLC.
Registered Agent Silas Beaner
2900 Fauborough Court
Fort Collins, CO 80525

Silas Beaner
1206 CENTENNIAL RD
FORT COLLINS, CO 80525-2350


DATED: Kailua-Kona, Hawaii, Aug. 27, 2024.

CULPEPPER IP, LLLC

<u>/s/ Kerry S. Culpepper</u>
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:    (202) 204-5181
E-Mail:        kculpepper@culpepperip.com
Attorney for Plaintiff

6

25-002