IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. <u>1:17-cv-685-NYW</u>

Harold Davis,

    Plaintiff/Judgment Creditor,

v.

The Dojo, LLC,

    Defendant/Judgment Debtor.

And

Capital One N.A,

    Garnishee.

---

**AFFIDAVIT OF COUNSEL**

---

    KERRY S. CULPEPPER, hereby declares under penalty of law that the following is true and correct:

1.    I am an attorney and represent the Plaintiff, I have personal knowledge of the matters stated herein, and this affidavit is given in support of Plaintiff's MOTION TO COMPEL JUDGMENT DEBTOR SILAS BEANER TO RESPOND TO DISCOVERY REQUESTS filed herewith.

2.    In July of 2022, I served post-judgment discovery on Silas Beaner in his capacity as manager of Dojo).  Afterwards, Mr. Beaner and I had discussions to resolve the money judgment.

20-022D

3. On July 21, 2022, Mr. Beaner on behalf of Dojo and I on behalf of Plaintiff entered into a settlement agreement wherein *inter alia* Mr. Beaner agreed to make 39 monthly payments to pay off the amount of $40,070.90 ("Settlement I").

4. A requirement of Settlement I was for Mr. Beaner to provide 38 post-dated checks needed to make monthly payments.

5. In late 2022 and early 2023, Mr. Beaner's checks began bouncing. I remember at least four of the personal checks Mr. Beaner sent to me bounced.

6. After the final notification, I told Mr. Beaner that he would need to make payments by certified mail or money order. Mr. Beaner agreed and sent payments by certified mail. However, after a few sporadic payments and repeated promises to makeup missed payments as agreed in Settlement I, Mr. Beaner stopped making all payments.

7. Mr. Beaner and I (on behalf of Plaintiff) negotiated and entered into a second settlement agreement ("Settlement II"). Settlement II is reflected in the stipulated judgment [Doc. #32] on the Writ submitted by the Parties to the Court on Dec. 14, 2023 in which Mr. Beaner admitted that he possesses personal property and funds of Dojo.

8. Despite the stipulated judgment ordering Mr. Beaner to make monthly payments of $1000 from Jan. 12, 2024, Mr. Beaner only made the first payment. Mr. Beaner repeatedly promised to makeup missed payments, but by June I concluded that Mr. Beaner was not being truthful. Accordingly, I began post-judgment discovery.

9. On June 18, 2024, I served Capital One with a Rule 45 subpoena for documents and a Writ of Garnishment. Bank statements provided by Capital One show that Mr. Beaner has a regular source of income.

10. On July 8, 2024, I served Mr. Beaner with a request for (i) Identification information (address and name) of all Mr. Beaner's current employers and his position and monthly salary; and (ii) All bank accounts used by Mr. Beaner since Jan 1, 2024.

11. On July 18, 2024, Mr. Beaner stated in a reply email "I will respond within the 30 days for sure."

12. On Aug. 14, 2024, I emailed Mr. Beaner stating, "The requests were made on July 8. 30 days has passed. Please let me know if you will be sending the requested information by today."

13. On Aug. 15, 2024, Mr. Beaner replied, "I am driving all day today on vacation. Can I get back to you tonight?" Later that day Mr. Beaner stated, "Sorry for replying so late to you on this email. Could I please get all of that to you by the end of the day tomorrow? I am on a vacation right now out of state and it is tough for me to email and just take care of all that right now.  if you could just please give me an additional 24 to 28 hours. Let me know ASAP. Thank you so much in advance."

14. On Aug. 27, 2024, Mr. Beaner stated, "Sorry about my delay in response. I believe that you have all the information that you need. I have given you everything…"  The rest of his email concerned discussing a new payment plan.

15. Despite Mr. Beaner's statement that I have all the information I need, Mr. Beaner never sent the documents requested concerning his employer and bank accounts.  Mr. Beaner did not send _any_ documents in response.

16. Mr. Beaner never served any objections to the discovery requests.

17. I believe the information requested in discovery to Mr. Beaner is essential in

enforcing the money judgment. Namely, I can use information included in responsive documents to apply for a writ of continuing garnishment on Mr. Beaner's employer and writs of garnishment on Mr. Beaner's other bank accounts.

18. Mr. Beaner's history of bouncing checks and broken promises has demonstrated to me that I cannot count on him to voluntarily pay.

19. My current hourly billing rate is $450. I spent four hours preparing this motion (researching case docket and records and applicable law).

DATED: Kailua-Kona, Hawaii, Aug. 27, 2024.

/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:    (202) 204-5181
E-Mail:        kculpepper@culpepperip.com
Attorney for Plaintiff