IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00685-NYW-KAS

HAROLD DAVIS,

    Plaintiff,

v.

THE DOJO, LLC,

    Defendant, and

SILAS BEANER,

    Judgment Debtor.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Plaintiff's **Motion to Compel Judgment Debtor Silas Beaner to Respond to Discovery Requests** [#44] (the "Motion"). Judgment Debtor Silas Beaner ("Mr. Beaner"), who proceeds in this matter pro se,[1] filed a "**Motion in Opposition_To Compel Judgment Debtor Silas Beaner to Respond to Discovery Requests_**" [sic] [#53] (the "Response Motion"), which the Court construes as a Response in opposition to the Motion [#44], and Plaintiff filed a Reply [#56]. Finally, Mr. Beaner filed an improper Surreply [#57] without leave of court.[2] Both the Motion [#44] and the Response Motion [#53] have been referred to the undersigned. *See Memoranda* [#47, #54].

---

[1] The Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2] Even though Mr. Beaner neither sought nor received the Court's leave to file his Surreply [#57], the Court has reviewed it. It does not affect the Court's analysis or conclusions.

**A.   Background**

This matter arose from Defendant The Dojo, LLC's unauthorized copying and distribution of a photograph copyrighted by Plaintiff. *See Motion* [#44] at 2. On June 15, 2018, the Court entered default judgment in favor of Plaintiff and against Defendant, ordering payment of $36,000 in actual damages and $620 in costs, along with post-judgment interest. *See Default Judgment* [#27] at 1-2.

On December 12, 2023, the Court issued a Writ of Garnishment in the amount of $29,423.53. *See Writ of Garnishment* [#30] at 1. On January 11, 2024, Plaintiff and Mr. Beaner (on behalf of Defendant, as its officer and sole owner) entered a Stipulated Judgment [#38]. Mr. Beaner agreed to pay the total of $29,423.53 in the form of monthly payments of $1,000 until the balance was paid off. *Stipulated Judgment* [#38] at 2 (signed by Mr. Beaner and Plaintiff's counsel, Kerry Culpepper).

Plaintiff asserts that Mr. Beaner has made no payments after the first one, violating the agreement and causing Plaintiff to resume post-judgment discovery. *Motion* [#44] at 3. Plaintiff served Mr. Beaner's bank, Capital One, with discovery requests on June 18, 2024. *Aff. of Culpepper* [#44-1], ¶ 9. Capital One provided bank statements showing that Mr. Beaner had regular income, so on July 8, 2024, Plaintiff served Mr. Beaner with discovery requests including "a request for (i) Identification information (address and name) of all Mr. Beaner's current employers and his position and monthly salary; and (ii) All bank accounts used by Mr. Beaner since Jan. 1, 2024." *Aff. of Culpepper* [#44-1], ¶¶ 9-10. Mr. Beaner initially told Plaintiff's counsel he would cooperate but to date he has not responded or objected to the discovery requests. *Id.*, ¶¶ 11-16. Plaintiff asks the Court to compel Mr. Beaner to respond so that Plaintiff can apply for a writ of garnishment as to Mr. Beaner's employer. *Motion* [#44] at 5.

In his Response Motion [#53], filed on September 3, 2024, Mr. Beaner asserts that the requested information and documents "have no relevance with the lawsuit in question" because "[t]he defendant is an LLC and there is no reason to ask for information about any sort of current employment unless it directly relates to the defendant in the lawsuit." *Response Motion* [#53] at 1. He adds that he had a security breach in which he lost thousands of dollars, he also owes child support, and he believes there would be a "conflict of interest with child support" if he gives information about his employer. *Id.* at 2. He asks the Court to arrange a payment plan that avoids garnishment. *Id.*

**B.   Legal Standard**

"The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014). Pursuant to Fed. R. Civ. P. 69(a)(2), to assist in executing a money judgment, "the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." This Court is located in Colorado, so it may look to the Colorado Rules of Civil Procedure.

The general rule in the federal system is that, subject to the court's discretion, parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." *Republic of Argentina*, 573 U.S. at 139 (quoting Fed. R. Civ. P. 26(b)(1)). Additionally, under Colorado law, at any time after entry of a final money judgment, a judgment creditor may serve written interrogatories upon a judgment debtor "in accordance with [Colo. R. Civ. P.] 45," which governs subpoenas. Colo. R. Civ. P. 69(d)(1).

As relevant here, Colo. R. Civ. P. 45(c)(2)(C) states that any objections to a subpoena "must be submitted before the earlier of the time specified for compliance or 14 days after the subpoena is served." The court must quash or modify a subpoena that: fails to allow a reasonable time to comply; requires a non-party's attendance at an inconvenient location for a deposition; requires disclosure of "privileged or other protected matter"; or "subjects a person to undue burden." Colo. R. Civ. P. 45(c)(3)(A). Otherwise, the court may quash or modify a subpoena to protect the recipient of a subpoena if it would require disclosure of a trade secret or confidential research, development, or commercial information or of an unretained expert's opinion. Colo. R. Civ. P. 45(c)(3)(B).

**C.   Analysis**

At the outset, the Court rejects Mr. Beaner's objection that the requested information is irrelevant and exceeds the scope of permissible postjudgment discovery because he was not a party to the underlying litigation. *See Response Motion* [#53] at 1. Throughout his Response Motion [#53], Mr. Beaner admits that he is a "judgment debtor" and Colo. R. Civ. P. 69(d)(1) specifically contemplates serving written interrogatories on *judgment debtors* following entry of a final money judgment. Mr. Beaner is the appropriate recipient of Plaintiff's postjudgment discovery requests.

Additionally, Mr. Beaner has not shown or argued that he raised timely objections to Plaintiff's July 8, 2024 subpoena, so he has waived them. *See* Colo. R. Civ. P. 45(c)(2)(C); *Miller v. State Farm Mut. Auto Ins. Co.*, No. 18-cv-02230-NYW, 2019 WL 13200057, at *2 (D. Colo. June 3, 2019) ("Ordinarily, the failure to lodge a timely objection under . . . Rule 45(d)(2)(B) will constitute a waiver of any objection to production[.]") (citations omitted). Even on the merits of Mr. Beaner's belated Response Motion [#53], the Court finds no circumstance that requires it to quash or modify the subpoena. The subpoena did not impose an unreasonably short compliance period, did not request any information that is privileged or otherwise protected, and Mr. Beaner would not be subjected to undue burden if he is required to share employment information.[3] *Cf.* Colo. R. Civ. P. 45(c)(3)(A).

---

[3] Mr. Beaner suggests that it would impose an undue burden to collect the currently required payments in light of his child support obligations, but he does not convincingly argue that providing *employment information itself* would impose any undue burden on him—rather, he fears potential consequences of providing that information. *Response Motion* [#53] at 2. However, those concerns are premature and irrelevant to the matter at hand. As Plaintiff notes in Reply [#56],

Nor does the requested employment information include trade secrets, confidential research, development, or commercial information, or unretained expert opinions. *Cf.* Colo. R. Civ. P. 45(c)(3)(B). On its face, Mr. Beaner's employment information is relevant to Plaintiff's efforts to collect the payments contemplated by the parties' Stipulated Judgment [#38] and does not exceed the bounds of Fed. R. Civ. P. 26(b)(1). *Cf. Republic of Argentina*, 573 U.S. at 138-39. Accordingly, the Court declines to modify or quash the subpoena and orders Mr. Beaner to promptly comply.

Finally, the Court declines Mr. Beaner's invitation "to arrange a payment plan with the judgement [sic] debtor (Silas Beaner) so that [Mr. Beaner] and the plaintiff have a neutral payment arrangement made through the court system[.]" *Response Motion* [#53] at 2. Mr. Beaner has not explained why the Court's involvement is necessary and has not shown that the current Stipulated Judgment [#38]—*which Mr. Beaner signed and agreed to*—is unconscionable or must be altered.

### D.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#44] is **GRANTED**. Judgment Debtor Silas Beaner is ordered to respond to Plaintiff's discovery request on or before **March 27, 2025**. Mr. Beaner is advised that his failure to comply with this Order may result in the Court recommending that he be held in contempt.[4]

IT IS FURTHER **ORDERED** that Mr. Beaner's Response Motion [#53] is **DENIED**.

Dated: March 12, 2025

---

after he seeks writs of garnishment against Mr. Beaner's employer, "[a]t that time, Mr. Beaner can assert his exemption." *Reply* [#56] at 2.

[4] Plaintiff made a passing request for attorney fees and costs in its Motion [#44], but he cited no authority for his request and his Proposed Order [#44-2] omitted any mention of attorney fees or costs. *See Motion* [#44] at 2; *but see Proposed Order* [#44-2] at 1-2. Thus, the Court declines to consider Plaintiff's undeveloped and equivocal request for fees and costs.